*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BRITTANY HOLMES,

      Plaintiff-Appellant,

v

CONSUMERS ENERGY COMPANY and JAMES
S. MCGINN, JR.,

      Defendants-Appellees.

UNPUBLISHED
December 04, 2024
9:42 AM

No. 365883
Wexford Circuit Court
LC No. 2021-029900-NO

Before: MALDONADO, P.J., and M. J. KELLY and GARRETT, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendants, Consumers Energy Company (Consumers) and James McGinn, pursuant to MCR 2.116(C)(10) (no genuine issue of material fact). We reverse with respect to Consumers but affirm with respect to McGinn.

## II. BACKGROUND

A tree on McGinn's property lost a branch in a storm, and the branch struck a power line operated by Consumers. The branch caused the high-voltage power line to sag over the street adjacent to McGinn's property, and plaintiff was injured when she drove into the line. Plaintiff brought a negligence action against both Consumers and McGinn, alleging that they each had a duty to maintain the trees on McGinn's property such that a fallen branch could not create the hazard that caused plaintiff's injuries. Plaintiff alleged that defendants breached this duty by failing to trim the tree despite it having dropped branches in the past that impacted the line. Defendants countered that they did not owe such a duty and that the incident causing plaintiff's injuries was not foreseeable. The trial court agreed with defendants and granted their motion for summary disposition, reasoning that there was no evidence suggesting that it was foreseeable to defendants that this particular branch on this particular tree would fall off and damage the power line. This appeal followed.

## II. DISCUSSION

Plaintiff argues that the trial court erred by concluding that defendants did not owe plaintiff a duty to trim or remove the tree whose branch struck the power line. We agree.

"Appellate review of the grant or denial of a summary-disposition motion is de novo, and the court views the evidence in the light most favorable to the party opposing the motion." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. *Shallal v Catholic Social Servs of Wayne Co*, 455 Mich 604, 609; 566 NW2d 571 (1997). A genuine issue of material fact exists when the record, giving the benefit of all reasonable doubt to the opposing party, leaves open an issue over which reasonable minds might differ. *Id.*

"In order to determine if an electrical utility should be held responsible for an injury due to contact with electrical wires, we examine the usual rules for negligence." *El-Jamaly v Kirco Manix Constr, LLC*, ___ Mich ___, ___; ___ NW3d ___ (2024) (Docket Nos. 164902, 164903, and 164904); slip op at 23. "To establish a prima facie case of negligence, a plaintiff must prove the following elements: (1) the defendant owed the plaintiff a legal duty, (2) the defendant breached the legal duty, (3) the plaintiff suffered damages, and (4) the defendant's breach was a proximate cause of the plaintiff's damages." *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 162; 809 NW2d 553 (2011).

This case hinges on whether defendants owed plaintiff a duty. "In Michigan, the question whether the defendant owes an actionable legal duty to the plaintiff is one of law which the court decides after assessing the competing policy considerations for and against recognizing the asserted duty." *In re Certified Questions From Fourteenth Dist Court of Appeals of Texas*, 479 Mich 498, 504-505; 740 NW2d 206 (2007) (quotation marks and citation omitted). When "determining whether a duty exists, courts examine a wide variety of factors, including the relationship of the parties and the foreseeability and nature of the risk." *Schultz v Consumers Power Co*, 443 Mich 445, 450; 506 NW2d 175 (1993). No duty can be imposed if the harm was not foreseeable. *El-Jamaly*, ___ Mich at ___; slip op at 28. "[T]he ultimate inquiry in determining whether a legal duty should be imposed is whether the social benefits of imposing a duty outweigh the social costs of imposing a duty." *Certified Questions*, 479 Mich at 505. "Duty" is "an expression of the sum total of those considerations of policy which lead the law to say that the plaintiff is entitled to protection." *Id.* (quotation marks and citation omitted).

### A. CONSUMERS

"Utility companies, particularly electric companies are charged with a duty to protect against foreseeable harm." *Groncki v Detroit Edison Co*, 453 Mich 644, 654; 557 NW2d 289 (1996). Specifically, "a company that maintains and employs energized power lines must exercise reasonable care to reduce potential hazards as far as practicable." *Schultz*, 443 Mich at 451. To that end, "a power company has an obligation to reasonably inspect and repair wires and other instrumentalities in order to discover and remedy hazards and defects." *Id.* It is clearly foreseeable that trees will create hazards by dropping branches on power lines. However, no Michigan court has held that utility companies are automatically liable for injuries that result when trees damage

power lines. Therefore, the focal point is whether it was foreseeable that this tree would drop a branch on this line.

Because of the history of outages caused by trees on McGinn's property, we conclude that Consumers had a duty to take proactive remedial measures to prevent this accident. Records from Consumers establish that four different outages occurred during the eight-plus-year period preceding this incident. Plaintiff was injured on August 28, 2018, and Consumers responded to outages at McGinn's property that involved downed trees in July 2010, July 2012, July 2013, and October 2014. Given that these particular power lines had been damaged by trees so many times, it was foreseeable that these particular power lines could once again be damaged by trees. Consumers suggests that imposing a duty in this particular case would create a doomsday scenario in which utility companies would need to take "a scorched-earth approach to vegetation clearance" involving the removal of "millions of trees." We by no means suggest that utility providers should patrol Michigan's roadways and cut down all trees within falling distance of a power line. Rather, we make the simple observation that when trees repeatedly damage the same power line at the same location, it is reasonably foreseeable that this will continue to happen absent some sort of remedial action. We also note that cutting down trees is not the only option for preventing these hazards because there was evidence that the power line was not placed at a safe location, and there was evidence regarding the possibility of the utility line being buried.

We also conclude that there is a genuine issue of fact regarding whether Consumers breached its duty. At the outset, the fact that another tree did cause damage at this location on previous occasions, is strong evidence that Consumers failed to fulfill its duty to prevent another tree from causing damage at the same location. Further, despite repeated reports of outages caused by trees at McGinn's property, there is no evidence that Consumers took any proactive steps to prevent future tree problems. Such steps could have included moving or burying the power lines rather than only focusing on the trees themselves. Consumers defends its inaction by citing evidence of the prevailing industry standards regarding vegetation clearance. While this evidence has the potential to be persuasive if presented to a fact-finder, it is not sufficient to prevent this case from being decided by a jury.

In conclusion, the history of trees damaging power lines at this location created a duty to prevent future damage, and there is a genuine issue of material fact regarding whether Consumers breached this duty.

## B. MCGINN

Plaintiff focuses primarily on Consumers and fails to put forth a particularly well-developed argument regarding McGinn. Plaintiff concedes that the law governing premises liability does not apply because she was injured by a hazardous condition on a public roadway, not on McGinn's property. Plaintiff contends that "[t]he same analysis that applies to Holmes' negligence claim against Consumers applies to her negligence claim against McGinn." However, we disagree with this premise in light of the fact that McGinn did not own, control, or maintain the power line at issue. Holmes was injured on a public road by a power line owned and maintained by Consumers. We know of no authority suggesting that private landowners have a duty to prevent

utility lines from causing hazards. The evidence suggests that McGinn consistently reported issues with the power lines to Consumers, and he did not have a duty to go any further than that.[1]

### III. CONCLUSION

The trial court's decision to grant summary disposition in favor of McGinn is affirmed. The trial court's decision to grant summary disposition in favor of Consumers is reversed. This case is remanded for additional proceedings consistent with this opinion. We do not retain jurisdiction. McGinn, being the only part to prevail in full, may tax costs. MCR 7.219(A).

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Kristina Robinson Garrett

---

[1] Because plaintiffs failed to establish the existence of a duty, we need not address whether there was a breach.